02-12-032-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00032-CR

 

 


 
 
 PHILLIP JEROME SIMMONS
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 213th
District Court OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Phillip Jerome Simmons, a fuel driver, pled guilty to theft of property
(gasohol and fuel oil) valued in the aggregate at $200,000, pursuant to a single
scheme or continuing course of conduct, and the trial court convicted him and
sentenced him to twenty years’ confinement.

In
one issue, Appellant contends that the trial court erred by denying his motion
for continuance.  Because we hold that Appellant abandoned his complaint by
signing a written waiver of his pretrial motions and appeal in conjunction with
his guilty plea, we overrule his issue and affirm the trial court’s judgment.

Ten
days before trial, the State disclosed Brady[2]
evidence, which was a statement by a handwriting analyst hired by the
complainant’s retained counsel.  The handwriting expert had concluded that he
was unable to determine whether Appellant had signed the relevant bills of
lading.  Four days before trial, the State disclosed
further Brady evidence, the criminal history of two witnesses.  The
following day, the State filed another notice of Brady evidence:  the
facts that (1) Detective Waller of the Dallas Police Department had stated that
he did not pursue charges against Appellant because the handwriting expert was
unable to offer an opinion regarding the signature on the bills of lading and
(2) a 2004 theft of fuel case against Appellant in Houston had been classified
as “unfounded” because the fuel pull had occurred in Pasadena, not Houston.

On the day of trial, the State filed a fourth supplemental notice
of Brady evidence.  In it, the State disclosed the following:

·                   
Rafiq Merchant denied knowing Appellant but later identified him
in a photo lineup as the person from whom he had purchased fuel;

·                   
Mary Simmons had told Landmark Chevrolet that she and Appellant were
purchasing a Corvette with cash because they were owners and operators of a
truck;

·                   
Ali Shajhan had testified before the grand jury that he did not
know Appellant, but the phone number of the person from whom he had bought the
gasoline was Appellant’s;

·                   
Rafiq Manjee had attempted to extort money from State’s witness Rafiq
Merchant;

·                   
Although there were no current deals with Rafiq Merchant or with
Suman Nepal, the State had attempted to make a deal with Rafiq Merchant, but he
had been unable to make restitution;

·                   
Mary Simmons was on the signature card with Appellant at
Woodforest National Bank, and cash had been deposited into the account after
the thefts;

·                   
Detective Waller of the Dallas Police Department told Tarrant
County that he was going to send the bills of lading to the USSS for analysis,
but he did not follow up and instead had stopped his investigation due to his
time restrictions and caseload; and, finally,

·                   
Rafiq Merchant had brokered several deals with other Middle
Eastern males, two of whom were Ashraf Moten and Sadiq LNU, and the State was
not able to contact them.

Finally, also on the day of trial, the State gave another notice
of Brady evidence in which the State reported that Appellant had made a
purchase from Porter Truck Sales but that Appellant’s Social Security number recorded
in the transaction differed from his actual Social Security number by one
number.

Appellant filed a motion for continuance, requesting additional
time to investigate the numerous last-minute Brady disclosures.  The
trial court denied Appellant’s motion.  In the hearing on the motion for
continuance, the State explained its failure to provide the information in a
timely manner by stating that it had been willing to recommend deferred
adjudication if Appellant made restitution.  He was able to pay only a small
portion of the restitution due, and during the period of time that he was
attempting to make the payments, the State was not preparing for trial.  It was
only after it became clear that Appellant would be unable to make the
restitution that a trial date was set and trial preparation began in earnest.

Nevertheless, the State bears the obligation of disclosing material
exculpatory or mitigating Brady evidence whether trial preparation has
begun or whether a defendant is considering a plea offer.[3]
 The existence of such evidence can greatly influence both the offer the State
makes and the defendant’s decision to accept or reject the offer.  The fact
that a plea offer is on the table does not justify the State’s failure to disclose
material exculpatory or mitigating evidence.[4]

In this case, however, Appellant entered his guilty plea and
waived all pretrial motions in writing.  At the plea hearing, neither Appellant
nor his counsel suggested that the trial court’s denial of his motion for continuance
influenced his decision to plead guilty.  Nowhere in the record did Appellant
except from his waiver of pretrial motions the motion for continuance.  Although
the trial court certified his right to appeal, by waiving all pretrial motions,
Appellant abandoned his complaint regarding the late disclosure of Brady
material, his request for continuance, and the trial court’s adverse ruling on
that request.

Additionally, Appellant, in writing, stated, “I give up and waive
any and all rights of appeal in this case.”  Although case law is clear that a
boilerplate waiver of the right to appeal without a plea bargain agreement does
not preclude a defendant’s appealing trial error because error that has not yet
occurred cannot be intelligently and knowingly waived,[5]
the circumstances of Appellant’s waiver are distinguishable.  Here, Appellant
filed no motions (other than a motion to continue the sentencing hearing) after
entering his guilty plea.  Appellant abandoned his pretrial motions and waived
his right to appeal.  Clearly at the time he entered his waivers, he was aware
of the trial court’s ruling on his motion for continuance.  It is difficult to
understand how abandonment of a pretrial motion and waiver of appeal regarding known rulings on pretrial
motions could automatically be held to be made other than knowingly and
intelligently.[6]

Under the facts of this case and the record before this court, we
hold that Appellant abandoned his complaint regarding the trial court’s denial
of his motion for continuance by later waiving his pretrial motions and his
right to appeal.  We therefore overrule Appellant’s sole issue and affirm the
trial court’s judgment.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 25, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00032-CR

 

 


 
 
 Phillip
 Jerome Simmons
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 213th District
 Court
  
 of
 Tarrant County (1151566D)
  
 October
 25, 2012
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 









[1]See Tex. R. App. P. 47.4.





[2]Brady v. Maryland,
373 U.S. 83, 83 S. Ct. 1194 (1963).





[3]See Ex parte Ghahremani,
332 S.W.3d 470, 474 n.5 (Tex. Crim. App. 2011) (citing Brady, 373 U.S.
at 87, 83 S. Ct. at 1196–97, for the proposition that due process is violated
when the State refuses to disclose requested evidence favorable to the
defendant regarding either punishment or guilt, and United States v. Bagley,
473 U.S. 667, 681–82, 105 S. Ct. 3375, 3383 (1985), for the proposition that
due process requires reversal if the State, regardless of whether the defense
requests, fails to disclose material mitigating evidence); Ex parte Lewis,
587 S.W.2d 697, 701 (Tex. Crim. App. [Panel Op.] 1979) (holding that the State
has a duty to disclose Brady evidence to defendants who plead guilty as
well as those who go to trial); but cf. United States v. Ruiz, 536 U.S.
622, 630–33, 122 S. Ct. 2455–57 (2002) (holding, in case in which defendant
ultimately pled guilty without a bargain, that prosecutors are not required to
disclose Brady impeachment evidence before entering into plea
bargain).





[4]See Ghahremani, 332
S.W.3d at 474 n.5; see also Bagley, 473 U.S. at 681–82, 105 S. Ct. at
3383; Brady, 373 U.S. at 87, 83 S. Ct. at 1196–97.





[5]Monreal v. State,
99 S.W.3d 615, 622 (Tex. Crim. App. 2003).





[6]See id. at 616
(noting that defendant waived his right of appeal after sentencing).